UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL D. HENDERSON,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT KERNAN, Secretary of California Department of Corrections and Rehabilitations,<br><br>    Respondent. | No. CV 18-9247 MWF (FFM)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On October 21, 2018, petitioner Daryl Henderson ("Petitioner"), a California prisoner, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), pursuant to 28 U.S.C. § 2254, in the Central District of California. (Docket No. 1.) The Petition challenges Petitioner's 2014 conviction in the Superior Court of Los Angeles County.

///

///

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Attached to the petition is a Proof of Service By Mail By Person In State Custody indicating that petitioner submitted the petition to prison authorities for mailing on October 21, 2018.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), ub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).

Because Petitioner has not provided any basis to find otherwise, the Court presumes that Section 2244(d)(1)(A), which governs the start date in most habeas cases, applies here. Section 2244(d)(1)(A) provides that the one-year limitations period "shall run from the latest of . . . the date on which the [petitioner's conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." Where, as here, a petitioner declines to seek direct appeal of his conviction, his conviction becomes final when the period for seeking direct review expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Here, Petitioner was sentenced on June 25, 2014. (Pet. at 2.) Petitioner admits that he did not file a timely appeal with the California Court of Appeal or seek a timely review by the California Supreme Court. (Pet. at 2-3.) Therefore, Petitioner's conviction became final on August 24, 2014, sixty days after the date on which he was sentenced. *See* Cal. R. Ct. 8.308(a) (notice of appeal must be filed "within sixty days after the rendition of the judgment or the making of the order being appealed"). Thus, the one-year period within which petitioner was permitted to file a federal habeas petition expired on August 24, 2015. Because the Petition was not filed until October 21, 2018, it is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Bell v. Barnes*, 2013 WL

///

5548621, at *4 (C.D. Cal. Oct. 4, 2013) (citations omitted) (finding that petition filed one day late is untimely).

## 2. STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, a petitioner is not entitled to statutory tolling where he initiates state habeas proceedings after the expiration of the federal one-year limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (citations omitted)).

As noted above, Petitioner has not provided any basis for the Court to assume that the one-year limitations began running on any date other than when his conviction became final. Thus, the one-year limitations period within which Petitioner could challenge his conviction in federal court expired on August 24, 2015. Petitioner alleges that he filed a petition for writ of habeas corpus with the Superior Court of Los Angeles County on August 19, 2016 (Pet. at 4). California Court of Appeal records indicate that the earliest Petitioner filed any habeas petition in the Court of Appeal or California Supreme Court was January 17, 2017.[1] However, even using the August 19, 2016, filing date, Petitioner does not appear entitled to any statutory tolling because "section 2244(d) does not permit the reinitiation of the limitations period."

///

---

[1] The Court takes judicial notice of Petitioner's state court records, available on the California Court of Appeal website, http://appellatecases.court info.ca.gov/. *See Porter v. Ollison*, 620 F.3d 952, 955 (9th Cir. 2010) (noting that federal courts may take judicial notice of state court records found on the internet).

3

## 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner has demonstrated neither that any extraordinary circumstances prevented him from filing a timely petition nor that he diligently pursued his right to file. Accordingly, Petitioner has not shown that he is entitled to equitable tolling.

## 4. ORDER TO SHOW CAUSE

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the Petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders Petitioner to show cause in writing within thirty (30) days of the date of this order why the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: November 2, 2018

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge